Our next case today, number 231804, United States v. Luis Enrique Ojeda-Pena. Will counsel for appellant please come up and introduce yourself on the record to begin. Good morning. May it please the court, AFPD Joanna LaRoy on behalf of Mr. Luis Ojeda-Pena. May I please reserve one minute for rebuttal? You may. Thank you. The district court here erred in three ways. First, it failed to impose Mr. Ojeda's sentence concurrent to his relevant conduct state court sentence that was pending, ignoring a guidelines mandate in doing so. But the guidelines are not mandatory. The statute, you have to look at the statute as well, and the statute allows it. Yes, exactly. The statute is not on point, well, I don't know what statute you're referring to, your  Well, the guidelines are not mandatory. Yes. In the sense that the guidelines are advisory, the court is not obligated to follow them. It is obligated to explain why it does not follow them. Start with the guidelines, and then explain why it's not following them. And that really is the crux of the error here. 5G1.3c of the guidelines states that when there's a pending relevant conduct state court sentence, the court shall impose this sentence concurrently. And that was the exact fact pattern here, and the court doesn't even, below, didn't even acknowledge that provision. It simply states, I'll leave that to the state court. And the Supreme Court in Setzer is very clear that, yes, the court has brought authority to impose consecutive, concurrent, or forbear the decision if it doesn't have sufficient information. But in this exact fact pattern, the state court had primary jurisdiction, meaning it was this court's decision that would be dispositive as to the concurrency decision, not the state court's. The court must make a decision, of course, start with the guidelines in making that decision, which here, especially on the record. The court made the decision. I mean, the problem is that it didn't make the decision that you would have hoped it would have made. I would respectfully push back a bit. It's not what we hoped or did not hope, because it made a decision by making no decision. But what Setzer says is... It made the decision not to do consecutive. Or concurrent. It just said, we're leaving that decision up to the state court. But the presumption is that it's consecutive if the court doesn't say concurrent. I mean, that's how the government paints it in this case. I don't know how clear it is, because 3584 doesn't address this situation when there's a pending state court sentence. Did the state court sentence already? The sentence was a week after. The state court sentence was a week after. And was it consecutive or concurrent? They were silent on the issue. And Setzer addresses... Okay, but if the state court was silent, doesn't that get treated as concurrent sentences in practical terms? What will happen is, BOP will have to make that decision upon his transfer to federal custody. Because state court had primary jurisdiction. And that's what Setzer says is impermissible. Because BOP, employees of the same Department of Justice that prosecuted this case, will be making a substantive sentencing decision. Which here turned out to be 25 versus 40 years. It was going to be BOP, or will be BOP, who has to make the decision. And Setzer is addressing this kind of hole in the law where the statute says when there's an already imposed... Can I just understand? Am I right that this is a slightly different argument than a failure to explain? This is an argument that even had it made in a... It has to make either a concurrent or a consecutive assessment. Yes. I think that's where we start. The error starts. And that's legal error to not even address its responsibility to do that under the guidelines. And you're saying that the way it characterized what it was doing cannot be read as a determination that it can be concurrent. No. And the government tries to say that, well, it knew what it was doing was a consecutive sentence. But there's no law that directly addresses what happens in the silence. That's why the Supreme Court had to decide... Help me with that. Yes. If it had said it was a consecutive sentence, then fine, and there would just be a question of whether it explained itself enough to justify that. And this is... And what it's finding is, will the federal sentence be consecutive or concurrent to the state sentence? Exactly. And it says instead the district court here... What exactly? What is the words it used? One line it says, I will leave the... Whether the sentence is imposed concurrently or consecutive, I will leave that decision to the state court. I see. And you're saying that just is, if you think about it, can't be right because the state court cannot determine whether the federal sentence will be concurrent or consecutive to the state sentence. Yes. And that's a particularity of this case, which is what the guidelines anticipate this scenario when state court... He was here in federal court, Mr. Ojeda, on a writ of habeas corpus. State court had primary jurisdiction, meaning he will serve his sentence in the state court first, which was brought to the attention of the district court here, and then he'll be transferred to federal custody. The Supreme Court is talking about that exact... Because there's this maxim that... Are you just saying practically speaking there is no way for the state court to do what the district court was contemplating the state court would do? That's exactly right. That's exactly right. Because its decision has no bearing on concurrency. So the state court could... You're saying the state court could not have said that the state sentence will run concurrent with the federal? It has no... It could say whatever it wants, but it has no bearing on the actual decision, because it will be the time of Mr. Ojeda's transfer to federal custody, because he'll finish state first. He's currently in state custody. It will be this court's decision that will be implemented. And on the record, where there's no decision, BOP will have to make that decision, whether it's a 25 or a 40-year sentence. And that's sort of... All the state court can do is just impose its sentence. Yes. It can't determine whether that will be concurrent or consecutive to the federal sentence that hasn't yet run. Exactly. And Setzer kind of addresses this, because it says that it actually respects federalism a bit better for this court to have made a decision, because then the state court would know what its sentence is going to... The effect it's going to have relative to this federal sentence, and can adjust accordingly, knowing that it might be concurrent and knowing that can be consecutive. So it's actually better here for the court to make a decision. Are there other cases that have this form? I mean, in our research, we didn't really find anything that has this exact fact pattern, but it is what the guidelines contemplate. The guidelines in the first application note specify that 5G 1.3c, which is the relevant provision here, and which was added in response to Setzer, is for the purpose when... What happened in Setzer? Was Setzer a different fact pattern than this? It was a bit different in that... I mean, it was a state court jurisdiction, primary jurisdiction case, and that was why this was an issue. How did it arise there? Because the federal court imposed... He was facing a sentence in state court for, first, the revocation of probation for the new case, and then also new criminal conduct that was relevant conduct. And then the federal court said, well, I'm going to pose my sentence here concurrent to the probation sentence, but consecutive to the new criminal conduct sentence, and then state court imposed those two concurrent, so it became a logistical difficulty. But that didn't change the fact that... There was... The First Circuit... This court found no error because it didn't change the fact that the court acknowledged its duty, made a decision. The difficulty of implementing it is not error. So but here... And I think... This is just unusual. As far as you can tell, this is sui generis in that there just was a misapprehension perhaps by the district court about what would practically follow from it saying what it said. And I... Yeah. I can't say with certainty, but I did not find anything. And I think perhaps it's because the mandate is so clear. There's nothing confusing about what's going on here and that this is the fact pattern. And especially, especially on this record, the finding that it was relevant conduct such that this provision applied was in the PSR, in the plea agreement. The plea agreement advocated for a concurrent sentence. Did the judge below at some point say, despite the finding it's relevant conduct, I disagree. It's not relevant conduct. That didn't happen. No. The court actually made a finding that it's relevant conduct, agreed with the PSR that this was relevant conduct, state court case was relevant conduct, and does not address what then happens as a result. It simply says it leaves the issue to state court, which is essentially a factual impossibility. Do you know... I mean, I accept that it's a factual impossibility, but do you know what happened in the Commonwealth Court? I mean, did the issue arise? No. We submitted a sentence in that court as part of our record and the state court was silent on the issue. It wouldn't have mattered really either way because it's not dispositive. It's not the state court's decision that will have the bearing on whether this... The problem is he will be released, let's say, around 20 years from now, none of us will probably be around, and then nobody's going to know, and then he could, BOP could say for whatever policy reason, he's not going to, it could say he's going to get credit, but it could also say he won't get any credit, and then he's... That's the concern. Exactly. I see my time is up, but if I could just address that. That's exactly what Setzer is anticipating. It says that statutorily, I believe it's in 18 U.S.C. 3621, which creates the authority for the BOP. It is not a statutorily permissible function. It's actually excluded. It reads it to exclude that function. It has to be... So in your view, if the judge wanted to say it's going to be concurrent, he had to explain it further, and then you'd probably be appealing that for abuse of discretion, which I've been... But here, it's like, what you're saying is you can't tell your client today, this is going to be your exact release date, or if you have good time credits, you might get released here and there. You don't know, you can't advise them on what's going to happen in the next 20 or so years. Exactly, and the Sentencing Commission in amendment... What's the remedy you want? Well, we would request, to briefly touch on that point, Amendment 787 says that the purpose of this provision is partly in certainty of sentencing, and the remedy that we want would be... I mean, it would be remand for resentencing on all three of these issues with an instruction to apply this guideline provision or explain why it is not doing so, because it is clear language. The record is clearly... We cannot infer otherwise from this record. It's pointing... This decision was in defiance of the record, and to not follow this, Gall, Rita, all of the decisions of the Supreme Court tell us the judge has to really justify why, and it's hard on this record. Thank you very much. Thank you, Counsel. Will Attorney for Appalachia please come up and introduce yourself on the record to begin? May it please the Court, Mari Lutre for the Government. The Court had broad discretion to issue the sentence concurrently, consecutively, or to forbear from issuing such an order, and the district court here did not abuse its discretion when it declined to follow the party's concurrency request and left to the state court to determine whether the... How can the... I mean, just responding to this, how could the state court decide whether the federal sentence will be concurrent or consecutive? The state court, as the federal court, certainly has the authority to rule on how they want the sentence to be... It's just going to have its sentence, right? The state court's going to come down with its sentence, and that sentence will come first, and then the state court just isn't in a position to say, was the federal sentence running during that time, or is the federal sentence going to run after? The state court has no interest in that and no authority to decide that question. State court could certainly decide that. The question is then how the execution of the sentence is going to be. How could the state court have authority to decide whether the federal sentence will run concurrent to its sentence or consecutive to it? Well, that was something that the Supreme Court in Setzer saw as a possibility. The Setzer addressed the issue of the district court's discretion to rule on the concurrency or consecutiveness issue, and it also recognized the possibility of forbearing on the issue, and the Supreme Court in Setzer was facing a similar situation like the case up here where the state court sentence was being served first, and the Setzer explained that even if the two sentences contradict each other, that does not make the sentence illegal, and then it becomes a question of how the sentence is going to be executed, either by the bureaucracy or the state court. In Setzer, had the district court made a decision, had the federal court made a decision about whether the federal sentence would be concurrent or consecutive? The federal court made the decision about whether the state court sentence and how it was going to run, and Setzer recognized the possibility of forbearing on the issue. Did the federal court make a decision in Setzer about whether the federal sentence would run consecutively or concurrent to the state sentence? I believe that the federal sentence affected the state sentence, how it was going to be run too. I'm not exactly sure on that. But here we don't know because the judge says, I leave it to the state court, which I agree with Chief Judge Barron, the state court can't tell, you know, the Bureau of Prisons how to release this gentleman someday. But the problem is, again, had Judge Mezosa maybe said, you know, for X, Y, Z reasons, it's going to be concurrent, fine, if it's consecutive, but it's really the federal court that has to say something. Shouldn't the case get remanded for him to explain, as Counsel Leroy said, you know, it's at a minimum for him to explain, this is why it should be consecutive, this is why it should be concurrent, then that way we can, if it comes up again, then we can clearly review because my concern is, you know, the federal defender now has, as I said, he's got a very lengthy sentence, probably everybody in the office, there might be one person left, one of the assistants who recently started might still be there, but it's going to come to a point like nobody there for the next 20 or plus years can tell this defendant, you might be released, you have to wait until you serve your state sentence and then let's see what happens, BOP, you know, it might be a year or two when they start telling what's going to happen, and fine, BOP says it's going to be concurrent, fine, but you can't guarantee that to him, and that's my concern. I recognize your honest concern, and I understand that's certainly something this court can do, the government's position is that there is sufficient information on the record here to affirm, and the government's position also is that- But if we affirm, we're affirming that there's no concurrency or no consecutiveness, so it's still up in the air, we're not doing anybody a favor. Or are you saying that we should read the record as the court sentenced consecutively? That's correct, Your Honor, that was the second point I wanted to get to, the district court made a thorough 3553 sentencing factor analysis, it heard the party's arguments about 5G 1.3c, it recognized that argument, it considered it, but it declined to issue the sentence that Mr. Ojeda was preferring to receive in this case. He wanted him to hold it had to be concurrent. Exactly, that is exactly the point. But the district court clearly did not hold that. The district court clearly did not hold that. But is there any point at which the district court clearly held it must be consecutive? The district court did not explicitly state it must be consecutive, but implicitly- And are you saying we should read it as saying it must be consecutive? Implicitly in that order was that consideration because by statute- Then why did he say, I'll leave it to the state court? Based on the record evidence that the district court had before it, it felt that maybe perhaps the state court could weigh in on the issue considering the circumstances of this specific case. When it weighs in, weigh in for what, either he's already said the federal sentence is consecutive or he hasn't. What would weighing in do? The district court may have considered the fact that the 15-year sentence would have been totally swallowed by the 25-year sentence if he would have issued that. And then considering that here, the charges were very different. In the state court, he was facing- Just to judge Halpy's point, I guess I'm just asking. You're saying we could read it as the district court having decided it will be consecutive. If that's what's been decided, that can't change no matter what. In the history of the world, that's just the judgment. But you also seem to be saying, well, maybe that won't be what the case is and something the state court could do could change that and we'll find out later whether it will be consecutive. Which of those two positions are you taking? The first position is that the district court did mean the sentence to run consecutively based on what the court had before it. It considered the 35-53 factors. It considered the different charges. Why did it say what it said? What is your account of what it meant when it said, I'll leave it to the state court? Perhaps the judge wanted to give Mr. Ahead an opportunity to make arguments before the state court. Let me say this. My concern is if the court of appeals moving forward after this case has to decide how to read sentences that say we leave it to the state court's discretion, we're not going to take a position. My concern is there may be judges who don't want to make a decision. District judges, you have to sentence. You have to rule. You have to say it's consecutive or concurrent, and then we're leaving it to the judges to say we're not going to do X or Y, and district judges have to decide. So my concern is that. It's whatever the judge decides, fine. And again, it might be affirmed. It might be reversed. But we're not mind readers. I recognize your honest concern based on the record in this case, and I understand that. However, I do believe that there is enough on the record here to see that the district did not want to issue a concurrent sentence that was thoroughly argued before the district court. The district court had before it that the two judges. And I agree. He's talking about 3553A factors and everything, and everything leads to point out that way, but then the court makes a statement. It's I will leave it to the district court's discretion. I'm not going to make the decision. So he's doing the deliberative process, but then he's not deciding. Just imagine if we were to sort of come up with a similar ruling and not decide. There needs to be clarity and precedent to review. I do hear your honest concern. Here, the 3553A factors, as Your Honor pointed out, the district court had discretion to issue a consecutive sentence. What was raised as an issue before the district court was that the district court had to make a consecutive and concurrency argument. If we disagree with you, what are you saying would be an appropriate remedy? Upon remand? Remedy. Remedy. If we disagree with you, what would be an appropriate remedy? If Your Honors were to disagree with the government in this case, it would be a limited remand for the district court to explain or to provide the reasons. Perhaps you can take into account the state court judgment that did not say anything and it did not On that point for the remand, your opponent seems to take the position that shall means shall, and therefore the starting point under the guideline is that it must be concurrent, but because the guidelines aren't binding, you can explain the variance from that and make it concurrent if you give sufficient reasons. I took the government to be taking the position that shall didn't mean shall, and that even under the guideline itself there was discretion to make it concurrent. Is that the government's position? Yes, Your Honor. The guidelines, as Judge Helpe pointed out, are merely advisories. That's not what I'm asking. Your opponent takes the position that the guidelines require it to be concurrent, but because they're advisory, you can then explain yourself to vary from them. I was reading your brief to be contesting whether the guidelines should be read even though everybody agrees that they're not binding and that they're discretionary. I took you to be reading the guideline itself not to be requiring it to be concurrent, and that the guidelines language is best read itself to give discretion to choose between the two. Was I misreading you? May I briefly respond? The government's position is that, yes, the guidelines do read shall. However, that shall still gives the district court the discretion as per the Stetzer decision. But that would be because the guidelines are advisory. Correct. Only because they're advisory. Okay, but the shall is the sentencing commission wanted sentences to be concurrent. District court does not have to follow it. That's what you're saying. That is exactly correct, Your Honor. That's my point. Okay. Thank you. And so upon remand, the remand order should instruct the district court to decide one way or the other and to provide explanation or just what? Certainly, Your Honor, if that's what the court believes in this amendment. No, what the government's position is. Yes, that would be something that this court can. If the district court has to decide one way or the other and then explain one way or the other its decision. Certainly, this is what this court can request the district court to do in this case. If the court believes that the remand was warranted. Does the government have a position? I'm trying to figure out what the government's position is. Is that the government's position that if we disagree with you that upon remand there should be a decision and an explanation? Yes, that is something this court can do upon remand if that's what the court believes is the most appropriate remand in this case. Thank you. Thank you. Thank you, counsel. Attorney LeRoy, please come up. You have a one-minute rebuttal. I want to address this idea that we can imply that the court or infer that the court knew that he was opposing a consecutive sentence for two reasons. First, no, that's not possible because there's no default rule. There's no rule that fills in the gap when the court makes no decision, so the district court judge could not have known this would be consecutive. It'll be BOP's decision, and that's the inherent problem 15 years from now. The other thing is that this record, everything is pointing toward a concurrent sentence. This court, in fact, in weighing the 3053A factors, found reasons to impose a downward variance from the guidelines. So to read then that he somehow wanted. You're not making the argument to us that the default is concurrent so that when there's a failure to make it, it just is a concurrent sentence. There's no need for a remand. He just gets a concurrent sentence. You have not made that argument. No, because there's nothing that addresses that. It will be BOP's decision. Hopefully, BOP will follow the guidelines in imposing concurrent, but that uncertainty is the problem here. What you're saying is, and I think you make a good point, and I mentioned it before. If you say it's BOP's decision, the district judges are the ones who have to sentence.  And for all purposes, de facto, BOP is going to be, for that part of the sentence, whoever sentenced it. And somebody today could say, oh, this is definitely concurrent, but BOP tomorrow could say consecutive. But what would give, I mean, this is just a question of whether there's a basis for a remand at all. What would give BOP authority to make it consecutive rather than to conclude it had run? Well, you suggest like BOP will just make that decision. They have no authority to do that, do they? But functionally speaking, someone has to. When Mr. Ojeda shows up, BOP has to. So then why wouldn't the position just be, therefore, it's run? I hope so, but there's no authority that directs BOP. Either way. Either way. And that's what the Supreme Court specifically addresses in Setzer and says cannot happen. And it's why this is error here. Thank you very much. But you're not saying that we can conclude on appeal that it necessarily is concurrent because of the guideline? Exactly. Because the guideline is for the district court judge, as has been mentioned, to directing it to make it to this decision or explaining, especially on this record, very thoroughly why it's not. BOP is not going to analyze the guidelines as far as we know. And the Supreme Court said that's why the district court judge had to make that decision. And therein lies the error here. Thank you very much. Thank you, counsel. That concludes arguments in this case.